```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Lora F. Snyder,                    :

      Plaintiff,              :

  v.                               :         Case No. 2:13-cv-1019

Fleetwood RV, Inc., et al.,        :         Magistrate Judge Kemp

      Defendants.             :

## OPINION AND ORDER

This case was brought by plaintiff Lora Snyder, who claims that a motor home for which she paid more than $800,000 was defective at the time of purchase and could not be repaired. This matter is before the Court on Ms. Snyder's motions for leave to amend the complaint (Doc. 96) and to disclose expert witness and extend discovery (Doc. 97). Ms. Snyder did not file a reply to Defendants' joint response in opposition to her motion for leave to amend, and the time for doing so has expired. Thus, the motions are now ripe for consideration. For the reasons set forth below, Ms. Snyder's motion for leave to amend the complaint and to disclose expert witness and extend discovery will be denied.

### I. Motion for Leave to Amend the Complaint
#### A. The Parties' Positions

Ms. Snyder filed her complaint on September 12, 2013, in Jefferson County, Ohio, and the case was subsequently removed to this Court on the basis of diversity jurisdiction. A Rule 26(f) conference was held in December of 2013, where the parties agreed to amend the complaint by stipulation or by motion no later than February 10, 2014. (Doc. 9). The original complaint alleged three counts: (1) breach of contract; (2) Ohio Motor Vehicles With Warranty Conformities Act (Ohio's Lemon Law); and (3)

revocation in whole.  The current motion to amend was filed on March 4, 2016 pursuant to Fed. R. Civ. P. 15(a)(2) and 15 (c) by Ms. Snyder's third counsel of record, and seeks the following amendments:

1. Make the following change to ¶ 17: "After a reasonable number of attempts to cure the defects and nonconformities in Snyder's 2012 Replacement Motor Home, Fleetwood and Spartan, their agents and/or affiliates, have [jointly and severally] been unable to and/or have failed to repair the defects and nonconformities and unwilling to replace the 2012 Replacement Motor Home."

2. Add a new count for violation of the Magnuson Moss Warranty Act.

3. Add a new count for violation of the Ohio Consumer Sales Practices Act and/or the Indiana Deceptive Consumer Sales Act.

In support of her motion, Ms. Snyder points out that no new parties are being added, and that the proposed new counts arise out of the factual allegations already before the Court in the original complaint.  She argues that the elements of a Magnuson Moss Warranty Act claim are the same as the Breach of Warranty Count included in the original complaint, so no additional discovery is required.  She points out that attorneys' fees are already requested in the complaint so defendants will not be prejudiced by that provision of the Magnuson Moss Warranty Act. Ms. Snyder also notes that she wrote a letter to the defendants in August of 2013, which put the defendants on notice of her Magnuson Moss Warranty Act claim, but through oversight of her first counsel the claim was not included in the original complaint.  She asserts that no substantial changes are being made to the original complaint, justice requires these changes,

and the defendants would not be subject to undue prejudice if the amendment is permitted.

Defendants Fleetwood RV (now known as REV Recreation Group, Inc.) and Spartan Motor Chassis filed a joint response in opposition to the motion to amend, arguing first that Ms. Snyder's motion fails procedurally because it relies only on Fed. R. Civ. P. 15. They point out that Fed. R. Civ. P. 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." This rule applies when a request is made after the deadline for amending the pleadings, so the party seeking to amend the pleadings past the deadline must satisfy both Fed. R. Civ. P. 15 and 16(b)(4). Defendants assert that Ms. Snyder cannot show good cause to file an amended complaint more than two years after the deadline of February 11, 2014, and that permitting the amended complaint to be filed would cause them undue prejudice. Defendants argue that the proposed amendments are substantive and would trigger additional discovery. They also contend that by adding "jointly and severally" to ¶ 17 of the complaint, Ms. Snyder seeks to impose legal liability upon one defendant for the alleged actions or inactions of the other, and if that is permitted, they will have missed the opportunity to file any relevant cross-claims or to depose relevant witnesses on issues of indemnification.

Defendants further argue that the addition of a Magnuson-Moss Warranty Act claim would prejudice them because the elements of that claim are different than the current breach of warranty claim. The distinctions include the Magnuson-Moss Act's being limited to written warranties and providing for additional remedies unavailable under the Uniform Commercial Code. See Hatfield v. Oak Hill Banks, 115 F.Supp.2d 893, 897 (S.D. Ohio 2000). They state that while Ms. Snyder's complaint seeks attorney fees, Indiana law does not provide them for a warranty

claim brought under the UCC.  See Indiana Glass Co. V. Indiana Mich. Power Co., 692 N.E.2d 886 (Ind. Ct. App. 1998).  This Court previously held that Indiana law will be applied to the facts of this case.  (Doc. 91, at 27).  This addition of the new claim would potentially subject the defendants to liability for attorneys' fees under the Magnuson Moss Warranty Act.

Finally, defendants argue that any claim under the Unfair and Deceptive Acts and Practices Laws (Indiana Section 24-5-0.5-5) is barred by the two year statute of limitations.  Defendants have already deposed Ms. Snyder, and they would likely have modified their line of questioning during the deposition to consider a consumer sales claim.

## B.  Discussion

With respect to the motion to amend, such motions are evaluated under the standards in Fed. R. Civ. P. 15(a), which states that leave to amend shall be given freely when justice so requires, but that rule cannot be read in isolation.  Rather, as the Court of pointed out in Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003), Rules 15(a) and 16(b) must be read together where any date for taking action which is established in a pretrial order has expired.  Consequently, the Court is required to examine the standard factors governing amendments of the complaints under Rule 15(a) only if it is satisfied that any prior date for the filing of a motion for leave to amend either has been met or is properly extended under the good cause provisions of Rule 16(b).  Id.

A court choosing to modify the pleadings schedule upon a showing of good cause may do so only if the schedule could not have reasonably be met despite the diligence of the party seeking the extension.  Fed. R. Civ. P. 16(b); see also Inge v. Rock Fin. Corp., 281 F.3d 613, 625  (6th Cir. 2002).  It must also be considered whether the defendant will be prejudiced if the amendment is permitted.  Duggans v. Steak 'N Shake, Inc., 195 F.3d

4

828, 834 (6th Cir. 1999).  The principle of providing plaintiffs the opportunity to be heard on all plausible claims where justice so requires must be weighed against the plaintiffs' diligence and whether the defendant will be unfairly prejudiced.  In Duggans, the Sixth Circuit found that the district court did not abuse its discretion when it denied plaintiff's motion for leave to amend based on plaintiff's delay, where the time for discovery and dispositive motions had passed and a summary judgment motion had been filed.  The court noted the prejudice defendant would suffer if the amendment was permitted because discovery would need to be re-opened and new defenses considered.  Where the plaintiff has failed to show good cause for the delay in amending the complaint, "[t]he longer the delay, the less prejudice the opposing party will be required to show."  Debuc v. Green Oak Tp., 312 F.3d 736, 752 (6th Cir. 2002) (citation omitted).  Courts must also take into consideration whether a plaintiff was "obviously aware of the basis of the [new] claim for many months" but nonetheless failed to pursue the claim until much later.  Id.  Courts may also take into consideration whether proposed new amendments are based on newly discovered facts.  Ross v. Am. Red Cross, 567 F.Appx. 296, 306 (6th Cir. 2014).

In the present case the complaint was filed on September 12, 2013 and, following removal to this Court, the deadline for amending the complaint was established as February 10, 2014. (Doc. 9).  Ms. Snyder does not claim to have acquired any newly discovered facts since that date.  She also points out that an August 2013 pre-suit demand letter put the defendants on notice of the potential for a claim under The Magnuson Moss Warranty Act, but that claim was not included on the complaint due to first counsel's "oversight."  (Doc. 96, at 2).  The fact that Ms. Snyder (or her counsel) knew of the feasibility of the Magnuson Moss Warranty Act claim prior to the filing of the complaint undermines her argument.

5

More than two-and-a-half years have passed since the filing of the complaint, which is ample time to have rectified this oversight. Similarly, the proposed addition of a new Count 5 for violation of the Ohio Consumer Sales Practices Act and/or the Indiana Deceptive Consumer Sales Act is not based on any new facts that could not have been included in the original complaint, and certainly well before now.  Finally, Ms. Snyder seeks to revise paragraph 17 of the complaint so that it would read:

> "After a reasonable number of attempts to cure the defects and nonconformities in Snyder's 2012 Replacement Motor Home, Fleetwood and Spartan, their agents and/or affiliates, have <u>jointly and severally</u> been unable to and/or have failed to repair the defects and nonconformities and unwilling to replace the 2012 Replacement Motor Home." (Emphasis added).

As defendants correctly point out, this new language seeks to impose legal liability upon one defendant for alleged actions or inactions of the other defendant.  If the amendment is allowed at this stage, it could give rise to cross-claims and the need to conduct additional depositions and discovery on those claims.

Ms. Snyder has not asserted a convincing argument that she has shown sufficient diligence and good cause to amend the complaint at this juncture.  Moreover, defendants are likely to suffer unfair prejudice if the Court were to allow two new claims and an allegation of joint and several liability.  The motion for leave to amend the complaint will therefore be denied.

## II. <u>Motion for Leave to Disclose Expert Witness and Extend Discovery</u>

Ms. Snyder's motion seeks to disclose an expert witness in this matter, Thomas Bailey, for use either in her case-in-chief or rebuttal, and to extend discovery to depose defendants' expert witnesses.  She also seeks to conduct discovery about modifications made by defendants to the motor home at issue in this case during

the January 2016 inspection process, during which parts were removed from the motor home and replaced.  Defendants took possession of some of the removed parts.  Ms. Snyder requests the right to be present with her expert witness during the inspection of the parts.  She argues that the joint inspection with defendants would best enable the parties to efficiently and cost effectively focus on the defect issues at the core of this dispute, and this would not prejudice the defendants.  She also asserts that her expert witness should be present when defendants' expert witnesses drive the motor home, but this is no longer an issue because they do not intend to drive the vehicle. (Doc. 100).

    Defendants oppose Ms. Snyder's disclosure of an expert witness at this late stage in the case, citing this Court's May 14, 2014 observation that Ms. Snyder "has had ample opportunity to have her own experts inspect and test the motor home but has not done so." (Doc. 63 at 3-4).  Moreover, this Court denied Ms. Snyder's motion for a leave to disclose expert witnesses in an Order dated January 28, 2015, stating:

> "New counsel entered an appearance in this case on June 15, 2015 and did not file a motion for leave until November 30, 2015, over five months later.  Whether to disclose an expert witness in support of her claims and whether to seek an extension of time in order to do so were strategic decisions made by Ms. Snyder's counsel; there is nothing in the record to suggest that counsel wished to disclose an expert but was somehow prevented from doing so.  Accordingly, Ms. Snyder's motion is untimely, and she does not offer good cause for delay."

(Doc. 91 at 19).  Nothing has happened in the case to suggest that a different conclusion should be reached now.  Ms. Snyder's failure to name experts in a timely manner appears to be the result of decisions made by her attorneys.  Changing counsel is an

7

insufficient basis for granting leave to disclose an expert witness where doing so would cause the defendants to suffer undue prejudice.  If the Court were to allow a new expert witness to become involved at this stage of the case, defendants would need to conduct additional discovery and be subjected to further delay to resolution of this matter, which is already three years old.

    For these reasons, Ms. Snyder's motion for leave to disclose expert witnesses will be denied.

## VI. Conclusion

    Based on the foregoing, Ms. Snyder's motion for leave to file and amended complaint (Doc. 96) and second motion for leave to disclose an expert witness (Doc. 97) are denied.  The parties shall contact the undersigned's courtroom deputy to obtain a trial date.


                                        /s/ Terence P Kemp
                                        United States Magistrate Judge